UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| 3B HOLDINGS, INC., *d/b/a* 3B Supply, | ) ) ) | CASE NO.  1:23-cv-1137 |
| Plaintiff, | ) ) ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| REVERE PLASTICS SYSTEMS, LLC, | ) ) ) | **AND ORDER** |
| Defendant. | ) | |

Before the Court is Defendant Revere Plastics Systems, LLC's Motion for Intradistrict Transfer of Venue Pursuant to 28 U.S.C. § 1404(b).  (Doc. No. 12.)  Plaintiff responded in opposition (Doc. No. 13), and Defendant replied (Doc. No. 14).  For the reasons that follow, the motion is DENIED.

**I.  Facts**

On June 21, 2021, 3B Holdings, Inc. *d/b/a* 3B Supply ("Plaintiff") executed a commercial contract with Revere Plastics Systems, LLC ("Defendant").  (Doc. No. 1 at 15, ¶ 6; Doc. No. 1-1 at 21.)  Plaintiff is a corporation organized under Ohio law with its principal place of business in Cleveland, Ohio.  (Doc. No. 1-1 at 14, ¶ 1.)  Defendant is a limited liability company organized under Delaware law, with its principal place of business in Michigan.  (*Id.* ¶ 2.)[1]

---

[1] The sole member of Defendant is another Delaware-law organized LLC with its principal place of business in Michigan.  (Doc. No. 15 at 222, ¶¶ 6-7.)  The sole member of Defendant's member is a corporation called RPS AcquisitionCo, Inc., which is organized under Delaware law with its principal place of business in Michigan.  (*Id.* ¶¶ 8-9.)

1

Defendant operates a plant in Clyde, Ohio, for which Plaintiff agreed to provide products and services. (Doc. No. 1-1 at 14-15, ¶¶ 5, 7-8.) On April 21, 2022, Defendant sent a letter to Plaintiff terminating the parties' contract. (Doc. No. 1-1 at 15, ¶ 13; Doc. No. 5 at 63-66.)

On May 8, 2023, Plaintiff filed suit against Defendant in a state court located in Cuyahoga County. (Doc. No. 1 at 1-2; Doc. No. 1-1 at 14.) On June 7, 2023, Defendant filed a Notice of Removal in this Court, which is located in the Eastern Division of the Northern District of Ohio. (Doc. No. 1.) On August 9, 2023, Defendant filed its Motion for Intradistrict Transfer of Venue Pursuant to 28 U.S.C. § 1404(b). (Doc. No. 12.)

## II. Law and Analysis

### A. Standard of Review

"[T]he decision whether to grant the change of venue is vested in the sound discretion of the district court. Intradivisional transfers pursuant to 28 U.S.C. § 1404(b) are discretionary transfers subject to the same analysis as under § 1404(a) but apparently judged by a less rigorous standard." *Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 215 (S.D. Ohio 1989) (citations omitted); *see also K.B. by Next Friend T.B. v. Michigan Dep't of Health & Hum. Servs.*, 367 F. Supp. 3d 647, 654 (E.D. Mich. 2019); *Johnson v. Burlington–Northern, Inc.*, 480 F. Supp. 259, 260 (D. Mo. 1979) (noting discretionary transfers under Section 1404(b) are subject to fewer guidelines than transfers under Section 1404(a)). However, a leading treatise indicates that "[i]f any party objects to a change of divisions, the general transfer standards of Section 1404(a) must be met." Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3842 (4th ed.).

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The latter phrase refers to "the federal laws

2

delimiting the districts in which such an action 'may be brought.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 57 (2013). "[A] district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.' *Id.* at 62-63. "A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The Sixth Circuit recognizes the following as proper factors to consider on a motion to transfer: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice. *See Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 651-52 (6th Cir. 2016); *see also Audi AG v. Shokan Coachworks, Inc.*, No. 04-70626, 2007 WL 522707, at *2 (E.D. Mich. Feb. 13, 2007) ("The Court may also consider any factor which may make any eventual trial easy, expeditious, and inexpensive.") (cited in *Means*). "The burden is on the defendant as the moving party to establish that there should be a change of venue." *LaCroix v. Am. Horse Show Ass'n*, 853 F. Supp. 992, 1000 (N.D. Ohio 1994).

**B.     Federal Venue Law**

Defendant's motion is replete with references to this being the "wrong" forum. (*E.g.,* Doc. No. 12 at 167, 176, 179.) The legal theory is that "Plaintiff brought this action in Cuyahoga County (the wrong County) in state court, forcing Defendant to remove the case to this Court,

3

even though the Eastern Division is not the proper Division for this case." (*Id.* at 168.) Defendant argues that "it would be contrary to the interests of justice to force the case to proceed in the wrong Division." (*Id.* at 175.) Defendant contends that "venue is improper in the Eastern Division under Local Rule 3.8(b)." (*Id.* at 170.)

"Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws . . . ." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). "This question – whether venue is 'wrong' or 'improper' – is generally governed by 28 U.S.C. § 1391." *Id.*

Section 1391 provides: "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(2). As reviewed below, there is no dispute that a substantial part of the events described in the Complaint occurred within the Northern District of Ohio.

Defendant owns and operates a manufacturing plant in Clyde, Ohio. (Doc. No. 1-1 at 14, ¶ 5; Doc. No. 6 at 123, ¶ 5.) The parties' contract indicated that Defendant's address is 401 East Elm Street, Clyde, Ohio 43410. Plaintiff's address is designated as 11470 Euclid Avenue, Cleveland, Ohio 44106. (Doc. 5 at 52.) Plaintiff was contractually obliged to provide products and services at Defendant's facilities, which as indicated above and in the contract were located in Clyde. (*See id.* at Art. 1; *id.* at 54-55, Art. 6.) The Complaint focuses on Defendant's termination of the parties' contract. (*See* Doc. No. 5 at 45-46.) The termination was effectuated by a letter sent to Plaintiff's office in Cleveland, Ohio. (Doc. No. 5 at 63.) Clyde is located in Sandusky County, which is within the Northern District. Cleveland is located in Cuyahoga County, which also is within the Northern District.

4

Based on the pleaded matters above, there is no question and no dispute between the parties that this action could have been – and now may be – brought in the Northern District of Ohio. 28 U.S.C. § 1391(b)(2). In fact, Defendant did not move for transfer under 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Perhaps that is because it was Defendant (not Plaintiff) who brought this dispute into a federal forum pursuant to 28 U.S.C. § 1441. (*See* Doc. 1.)

"The structure of the federal venue provisions confirms that they alone define whether venue exists in a given forum." *Atl. Marine*, 571 U.S. at 56. Plaintiff originally filed suit in a state court located in Cuyahoga County. (*Id.* at 1-2.) Defendant removed the action to the Northern District of Ohio, Eastern Division. (*See id.*) That removal location was proper under 28 U.S.C. § 1441(a), which provides for removal "to the district court of the United States for the district and division embracing the place where such action is pending."

In sum, this case is not in the "wrong" forum under *Atlantic Marine* because it is *not* pending in a forum prohibited by federal venue laws. 571 U.S. at 55. Defendant implicitly concedes that point, as it did not file a motion for transfer under Section 1406, which would require dismissal or transfer for "a case laying venue in the wrong division or district." 28 U.S.C. § 1406(a).

### C.     Section 1404(a)

Defendant urges that Plaintiff filed its state court lawsuit in the wrong County, which Defendant deems relevant under the factors considered for a transfer under Section 1404(a). (*See* Doc. 1 at 1 n.1; Doc. No. 12 at 168.)

5

To be clear, Defendant did not move pursuant to Section 1404(a). The motion is expressly titled and described as being made "[p]ursuant to 28 U.S.C. § 1404(b) . . . ." (Doc. No. 12 at 166.) Yet the motion goes on to suggest that this Court "should also transfer this action to the Western Division when considering the § 1404(a) factors." (*Id.* at 176.) The motion elsewhere argues that "this Court need not reach the § 1404(a) [*sic*] and simply transfer this action to the Western Division because that is warranted under Local Rule 3.8(b). However, if the Court analyzes the § 1404(a) factors, they too justify transferring this action." (*Id.*) Despite arguments in opposing directions, the motion eventually includes discussion of some factors considered under § 1404(a). (*See id.* at 177-80.)

The convenience of the parties factor is neutral because while the Western Division is closer to Defendant and its counsel, the Eastern Division is closer to Plaintiff and its counsel.

As for the convenience of witnesses, the Western Division is closer to witnesses who work in Defendant's facility in Clyde, while the Eastern Division is closer to witnesses who work in Plaintiff's Cleveland facility. However, this factor favors Plaintiff because it identified witnesses by name and location. (Doc. No. 13 at 191.) Defendant did not. (*See* Doc. Nos. 12, 14.)

The availability of process to compel attendance and practical problems factors favor Plaintiff. Defendant's motion makes no mention of these. (*See* Doc. No. 12 at 177-80.) Plaintiff argued that the Eastern Division where this Court sits "has subpoena power over Revere's Clyde, Ohio witnesses, as they are within a 100-mile radius of this Court. The Western District, sitting in Toledo, however, would not have such subpoena power over witnesses in Cleveland as they fall outside Rule 45's 100-mile radius." (Doc. No. 13 at 192.) Defendant did not respond to this point on reply. (*See* Doc. No. 14.)

The ease of access to proof and cost of obtaining witnesses factors are neutral because both sides ignored those in their briefs.

As for the interests of justice, Defendant argues that Plaintiff obtained an unfair result by filing its state court action in Cuyahoga County, which was the wrong forum. As explained below, that accusation is incorrect.

On balance, the § 1404(a) factors favor Plaintiff and retention of the case in this Court.

### D.     State Venue Law

The parties' briefing also addressed whether Plaintiff was permitted to file its Complaint in Cuyahoga County in the first place. (*See* Doc. No. 1 at 1 n.1; Doc. No. 12 at 168; Doc. No. 13 at 186; Doc. No. 14 at 198-203.) That is a question of state venue law – not federal venue law. (*See id.*) Any dispute about state law venue rules does as a matter of law result in a conclusion that a federal forum is wrong or improper. *See Atl. Marine*, 571 U.S. at 50, 55-56.

### E.     This Court's Discretion

This Court will not exercise its discretion to order transfer to the Western Division. First, Defendant has not met its burden to show that a transfer in this case would be more convenient or promote the interests of justice. Second, Defendant's argument that Plaintiff's filing of a state court action in a purportedly impermissible county improperly limited their removal options is unpersuasive because it does not demonstrate a violation of federal venue law.

### III. Conclusion

For these reasons, Defendant's Motion for Intradistrict Transfer of Venue Pursuant to 28 U.S.C. § 1404(b) is DENIED.

**IT IS SO ORDERED.**

**Date:** October 19, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE